UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (Miami)

Case No.: 1:14-cv-21484-KMW

Judge Kathleen M. Williams

JONATHAN PADILLA,
    PLAINTIFF,

V.

MORRIS HARDWICK SCHNEIDER, LLC,
    DEFENDANT.

_____/

**DEFENDANT'S REPLY TO
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**COMES NOW**, Defendant, Morris Hardwick Schneider, LLC (hereinafter "Defendant" or "MHS"), hereby files its Reply to Plaintiff's Response to Defendant's Motion to Dismiss the Complaint with prejudice against the Plaintiff, Jonathan Padilla (hereinafter "Plaintiff" or "Padilla"), and further states as follows:

**STATEMENT OF FACTS**

1. On or about April 25, 2014, Plaintiff filed the instant action against Defendant.

2. On or about May 16, 2014, Defendant filed its Motion to Dismiss (Docket Entry No.: 6) hereinafter referred to as ("Motion").

3. On or about June 24, 2014, Plaintiff filed their Response to Defendant's Motion to Dismiss (Docket Entry No.: 9) hereinafter referred to as ("Response").

4. Defendant will address Plaintiff's arguments in opposition in the same order as they were presented. Any of Plaintiff's arguments not addressed herein are omitted so as to not reargue Defendant's Motion in compliance with the local rule and for each such argument the Defendant

refers the Court back to the Motion itself.

5.     Apart from a few paragraphs mentioned below, Plaintiff's Response is a regurgitation of general statements of inapplicable case law.  *See ¶* 11, 12, 13, 14, and 15 of Plaintiff's Response.

## ARGUMENT and MEMORANDUM OF LAW

### A.  PLAINTIFF'S OPPOSITION RAISES ARGUMENTS OUTSIDE OF THE FOUR CORNERS OF HIS COMPLAINT

Throughout his Response, Plaintiff asserts that Defendant does not have "legal standing" to pursue the foreclosure of the underlying note and mortgage filed against Padilla on or about April 16, 2014 in the Circuit Civil Court of Miami-Dade County under Case No.: 2014-10077-CA-01 (hereinafter "Foreclosure Action").  Plaintiff further argues that the subject mortgage was fraudulently assigned to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWMBS INC., CHL MORTGAGE PASS-THROUGH TRUST 2007-HYB1, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-HYB1 (hereinafter "Foreclosure Plaintiff") by Mortgage Electronic Registration Systems, Inc. ("MERS").  *See ¶* 18 and 25 of Plaintiff's Response.

Plaintiff's allegations are wholly irrelevant to and outside the scope Plaintiff's Complaint. Consideration of matters beyond the complaint is improper in the context of a Motion to Dismiss. Fed. R. Civ. P. 12(b); *see* Taylor v. Appleton, 30 F.3d 1365, 1368 (11th Cir. 1994); O'Rourke v. Provident Life & Acc. Ins. Co., 48 F. Supp. 2d 1383, 1384 (S.D. Fla. 1999). Plaintiff is making these allegations in an attempt to cloud the actual legal issues at hand.  MHS contends that Plaintiff is merely trying to improperly litigate the Foreclosure Action by asserting topics which are more suited as Affirmative Defenses in the Foreclosure Action.

Should the Court entertain these allegations, Plaintiff's claims are without merit.  The

Defendant, on behalf of the Foreclosure Plaintiff, filed the Foreclosure Action with standing to foreclose on the subject note and mortgage as the holder of the original note endorsed in blank. The Foreclosure Plaintiff has standing to foreclose as holder of the note indorsed in blank. *See Riggs v. Aurora Loan Services, LLC,* 36 So.3d 932 (Fla. 4th DCA 2010) ("[P]ossession of the original note, indorsed in blank, [is] sufficient under Florida's Uniform Commercial Code to establish that [a plaintiff is] the lawful holder of the note, entitled to enforce its terms.")  A copy of the Complaint in the Foreclosure Action which contained a copy of the subject Padilla original note endorsed in blank was attached to Defendant's Motion as Exhibit "A."

As to Plaintiff's allegations regarding MERS, it is undisputed that the subject mortgage is a MERS mortgage as evidenced on the face of the mortgage which is was attached to the Complaint in the Foreclosure Action (*See Exhibit A* to Defendant's Motion to Dismiss Docket Entry No.: 6). On a MERS mortgage, MERS is the mortgagee of record as contractually agreed to by the Borrower, and as designated by the Lender.  Assignments of mortgages signed by MERS have MERS conveying or *assigning out* the mortgage (and any rights MERS has or may have in the mortgage).

Florida courts have reviewed the MERS system and held "that no substantive rights, obligations or defenses are affected by the use of the MERS device; there is no reason why mere form should overcome the salutary substance of permitting the use of this commercially effective means of business." *Mortgage Elec. Registration Sys., Inc., v. Revoredo,* 955 So. 2d 33, 34 (Fla. 3d DCA 2007).  In *Taylor v. Deutsche Bank Nat'l Trust Co.,* 44 So.3d 618 (Fla. 5th DCA 2010), the court held the MERS mortgage to be valid under Florida law, and held that MERS may assign its rights in the mortgage to the foreclosing entity who holds the note. The Florida court also held that where MERS is described as the "mortgagee under the Security Instrument" the

document grants to MERS legal status under the UCC, which MERS can assign to the foreclosing bank. *Id.*

### B. DEBT VALIDATION RECEIVED PRIOR TO THE FILING OF THE FORECLOSURE ACTION, AS SUCH, CLAIM FOR RELIEF NOT PLAUSIBLE

In his Opposition, Plaintiff asserts contradictory arguments as it pertains to whether he was provided with adequate validation of debt as demanded by Plaintiff. *See* ¶ 16, 17 of Plaintiff's Response. On the one hand, Plaintiff alleges that "no validation of debt was provided." *See* ¶ 17 of Plaintiff's Response. Subsequently, Plaintiff challenges the sufficiency of the debt validation he received prior to the filing of the Foreclosure Action, copies of which were attached to Defendant's Motion to Dismiss as Exhibit "B" (Docket Entry No.: 6). Specifically, Plaintiff asserts that "none of the [e]xhibits provided by Defendant prove any contact or agreement exists between Plaintiff and Defendant." *See* ¶ 19 of Plaintiff's Response. Plaintiff's allegations are inconsistent concerning whether Plaintiff received validation of debt. Plaintiff's assertions demonstrate Plaintiff's intent on litigating the Foreclosure Action by filing the baseless Complaint which is the subject of this action.

Moreover, Plaintiff misconstrues Defendant's role as legal counsel for the Foreclosure Plaintiff. Defendant asserts that Plaintiff has no "agreement or contract between Plaintiff and Defendant." *See* ¶ 21 of Plaintiff's Response. Defendant need not have an agreement with the Plaintiff to file the Foreclosure Action on behalf of Defendant's client (the Foreclosure Plaintiff). The information contained in Plaintiff's Response to MHS' Motion to Dismiss has no bearing on the same.

Plaintiff further misstates the holding and application of *Hawkins-El v. First Am. Funding, LLC*, 891 F. Supp. 2d 402 (E.D.N.Y. 2012) *aff'd,* 529 Fed. Appx. 45 (2d Cir. 2013) (*see* ¶ 20 of

Plaintiff's Response).  Plaintiff incorrectly states that the respondent in the *Hawkins-El* was not a debt collector.  Contrary to Plaintiff's allegations, the Court in *Hawkins-El* specifically assumed for purposes of its ruling that the respondent was a "debt collector and that the FDCPA applies." *Id* at 409.  Similar to the facts of *Hawkins-El*, **Padilla received debt validation prior to the filing of the Foreclosure Action**.  As the Court in *Hawkins-El* noted:

> Plaintiff's debt already had been verified for purposes of the FDCPA. Plaintiff cannot forestall collection efforts by repeating the same unsubstantiated assertions and thereby contend that the debt is "disputed." If Plaintiff were permitted to do so, debtors would be able to prevent collection permanently by sending letters, regardless of their merit, stating that the debt is in dispute. Such a result is untenable, as it would make debts effectively uncollectable.  Hawkins-El v. First Am. Funding, LLC, 891 F. Supp. 2d 402, 410 (E.D.N.Y. 2012) aff'd, 529 F. App'x 45 (2d Cir. 2013).

Based on the foregoing, the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief and therefore, the Plaintiff's Complaint should be dismissed with prejudice.

**C.  PRO SE PLEADING STANDARDS**

Padilla filed the instant complaint *pro se*. Plaintiff argues that a *pro se* complaint is held to less stringent standards than formal pleadings drafted by lawyers.  *See* Section IV of Plaintiff's Response.  However, "[e]ven in the case of *pro se* litigants ... leniency does not give a court license to serve as *de facto* counsel for a party, ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Even under the liberal pleading standards applied to *pro se* litigants, complaints are subject to dismissal if they do not set forth basic facts elemental to a claim or if they do not include enough facts to show the nature of the grievance.

Plaintiff's Complaint asserts bare legal conclusions and Plaintiff's Response to the dismissal sought Defendant by way of its Motion to Dismiss cannot overcome several pleading

deficiencies requiring the dismissal with prejudice.  The complaint should also be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## CONCLUSION

**WHEREFORE**, Defendant requests that the Court dismiss the lawsuit and award Defendant attorney's fees and any other relief that the Court deems appropriate.  Pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3).

Dated: July 7, 2014

                                        Respectfully submitted,

                                        ***/s/ David Djebelli, Esq.***
                                        David Djebelli, Esq., FBN: 91018
                                        For the Firm
                                        Morris|Hardwick|Schneider, LLC
                                        5110 Eisenhower Blvd., Suite 302A
                                        Tampa, Florida 33634
                                        Telephone: 813-319-1990
                                        Fax: 813-319-1991
                                        Toll Free: 1-866-503-4930
                                        Primary e-mail: MHSinbox@closingsource.net
                                        Secondary e-mail: ddjebelli@closingsource.net

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of July, 2014, I electronically caused the forgoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the forgoing document is being served on this 7th day of July, 2014 via U.S. Mail to: Jonathan Padilla, 811 NE 199 Street, #105, Miami, FL 33179.

By: **/s/ David Djebelli, Esq.**
David Djebelli, Esq.
Morris|Hardwick|Schneider, LLC