UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (Miami)

Case No.: 1:14-cv-21484-KMW

Judge Kathleen M. Williams

JONATHAN PADILLA,
    PLAINTIFF,

V.

MORRIS HARDWICK SCHNEIDER, LLC,
    DEFENDANT.

_____/

## DEFENDANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS

**COMES NOW**, Defendant, Morris Hardwick Schneider, LLC (hereinafter "Defendant" or "MHS"), by and through the undersigned, and pursuant to Fed. R. Civ. P. 26(c) and Local Rules 7.1(a) and 26.1, respectfully move this Court to stay discovery pending ruling on Defendant's Motion to Dismiss Plaintiff's Compliant [D.E. 6], and further states as follows:

### STATEMENT OF THE FACTS

1.    On or about April 25, 2014, Plaintiff filed the instant action against Defendant. The Complaint alleges violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692-1692p ("FDCPA") and/or the Florida Consumer Collection Practices Act § 559.551, et seq. ("FCCPA") arising out of a foreclosure action filed against Plaintiff by Defendant on behalf of its client Bayview Loan Servicing, LLC.

2.    Defendant filed its motion to dismiss Plaintiff's Compliant with prejudice for failure to state a cause of action on May 16, 2014. [D.E. 6].

3.    Defendant's Motion to Dismiss has been fully briefed since July 7, 2014. [D.E. 9 and

10].

## ARGUMENT AND MEMORANDUM OF LAW

4. If granted, Defendant's Motion to Dismiss will dispose of the entire case. As such, Defendant requests a stay of discovery pending this Court's ruling on the motion to dismiss.

5. It would be an undue burden and expense for the parties to conduct discovery prior to receiving a ruling on the pending motion to dismiss. Furthermore, no discovery is needed to resolve the questions of law raised in the motions to dismiss.

6. Moreover, any supposed prejudice to Plaintiff is minimal and outweighed by the burden placed upon Defendant who may be entirely dismissed from the proceeding.

7. Rule 26(c), Fed. R. Civ. P., authorizes the district court to stay discovery upon a showing of good cause and reasonableness. Good cause exists when resolution of a preliminary motion may dispose of the entire action. *See e.g. Nankvil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003).

8. The Eleventh Circuit has held that it is a proper exercise of discrete for the district court to stay discovery pending ruling on a motion to dismiss, where the motion if granted will entirely dispose of all pending claims against all defendants. *See e.g. Moore v. Potter,* 2005 WL 1600194 at *4 (11th Cir. 2005); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997)(Facial challenges to the legal sufficiency of a claim should be resolved before discovery begins as such motions involve pure legal questions, and neither the court nor the parties have a need for discovery before the court rules on the motion.); *Staup v. Wachovia Bank, N.A.,* 2008 WL 1771818 at *1 (S.D. Fla. 2008)(granting defendant's motion for stay of discovery because defendant's motion to dismiss was largely a facial challenge on the legal sufficiency of the complaint).

9.      The pending motion to dismiss is meritorious, facially challenges the legal sufficiency of Plaintiff's complaint, and will, if granted, dispose of this matter entirely. Accordingly, Defendant requests that the Court grant this motion for a temporary stay of discovery until such time as the Court has ruled on the pending motions to dismiss.

**WHEREFORE**, Defendant respectfully requests the Court enter an Order granting a temporary stay of discovery in the above-captioned matter until the Court renders its determination of the pending motion to dismiss, and granting any further relief as the Court deems just and proper.

### COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that he has conferred with *pro se* Plaintiff via e-mail on September 16, 2014 and September 17, 2014 concerning the the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Respectfully submitted,

*/s/ David Djebelli, Esq.*
David Djebelli, Esq., FBN: 91018
For the Firm
Morris Schneider Wittstadt, LLC
5110 Eisenhower Blvd., Suite 302A
Tampa, Florida 33634
Telephone: 813-319-1990
Fax: 813-319-1991
Toll Free: 1-866-503-4930
Primary e-mail: daviddj26@gmail.com
Secondary e-mail: ddjebelli@closingsource.net

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on this 18th day of September, 2014, I electronically caused

the forgoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the

forgoing document is being served on this 18th day of September, 2014 via U.S. Mail to:

Jonathan Padilla, 811 NE 199 Street, #105, Miami, FL 33179.

By: **/s/ David Djebelli, Esq.**
David Djebelli, Esq.
Morris Schneider Wittstadt, LLC