IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JONATHAN PADILLA

       Plaintiff,

V

BAYVIEW LOAN SERVICING, LLC,
THE BANK OF NEW YORK MELLON, et al

       Defendant(s)

_____/

### RESPONSE BY PLAINTIFF IN OPPOSITION TO "MOTION TO STRIKE DEMAND FOR JURY TRIAL"

Plaintiff Jonathan Padilla, hereby files this Response
in Opposition to Motion to Strike Demand for Jury Trial filed
herein by Defendants Bayview Loan Servicing, LLC and The Bank
of New York Mellon, et al, pursuant to Fed.R.Civ.P. 12(f),
and state that the Motion to Strike Demand for Jury Trial
should be denied because Plaintiffs in actions for violations
of the federal Fair Debt Collection Practices Act (FDCPA)
have a non-waivable constitutional right to a jury trial in
such actions for the reasons reflected herein below.

### MEMORANDUM OF LAW

#### I.   BACKROUND

Plaintiff Jonathan Padilla filed a Complaint in the
above-captioned matter for multiple violations of the FDCPA

and Florida Consumer Collection Practices Act (FCCPA) against various Defendants. The Complaint makes timely demand for trial by jury. The named known Defendants, all of which are represented by single counsel, in response have filed, inter alia, a Motion to Strike Demand for Jury Trial premised upon a contractual waiver of jury trial contained in a mortgage allegedly signed by Plaintiff Jonathan Padilla (the mortgage having been referred to in the Complaint). However, the Motion to Strike Demand for Jury Trial must fail for several reasons, as reflected herein below.

## II.   STANDARD FOR EVALUATING MOTION TO STRIKE

The standard for evaluating a motion to strike is similar to that used in the case of motions to dismiss. That is, "In evaluating a motion to strike, the Court must treat all well-pleaded facts as admitted and cannot consider matters beyond the pleadings". Seibel v. Society Lease, Inc., 969 F.Supp. 713 (M.D. Fla. 1997). In the instant case, however, the question is one of statutory interpretation and application of constitutional precepts surrounding the statutory rights granted under the FDCPA; the normal and traditional constitutional right to trial by jury; and the Congressional purpose underlying the passage of the FDCPA.

III:  **ARGUMENT**

**THE MOTION TO STRIKE DEMAND FOR JURY TRIAL SHOULD BE DENIED BECAUSE (1) THE DEFENDANTS HAVE NOT PROVIDED ANY EVIDENCE THAT THEY HAVE ANY RIGHTS UNDER THE MORTGAGE OR CORRESPONDING NOTE OR ANY AGREEMENTS WITH PLAINTIFF WITH REGARDS TO THE MORTGAGE REFERRED TO BY THE DEFENDANTS; THUS THERE IS NO WAIVER AS TO THE RIGHT TO A JURY TRIAL; (2) EVEN IF THE DEFENDANTS HAD ANY RIGHTS UNDER THE MORTGAGE, THE CAUSES OF ACTION UNDER THE FDCPA AND FCCPA DO NOT ARISE OUT OF AND ARE NOT "RELATED TO" THE MORTGAGE REFERRED TO IN THE COMPLAINT; AND (3) PLAINTIFFS IN ACTIONS UNDER THE FDCPA AND FCCPA HAVE AN ABSOLUTE, NON-WAIVABLE RIGHT TO TRIAL BY JURY.**

(1) The Eleventh Circuit Court of Appeals ruled that Plaintiffs bringing claims under the FDCPA are entitled to jury trials in such actions. Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir. 1982). The Court there noted that "[I]f the claim involves rights and remedies of the sort traditionally enforced in an action at law, the Seventh Amendment requires that the right to jury trial be preserved." Id., at 832. Furthermore, the court stated that "The thrust of the Fair Debt Collection Practices Act is the prevention of harassment and abuse as well as false, deceptive or misleading practices. It clearly falls into a traditional tort area analogous to a number of traditional torts… We conclude that the Act's reference to an allowance of damages by the Court must be construed to embody the right of trial by jury. This construction serves to avoid serious Constitutional

questions under the Seventh Amendment regarding the
remedial scheme of the Act". Id., at 834.

(2) Even if Plaintiff had a signed agreement with the
Defendants regarding the Mortgage referenced in the
Complaint and in the Motion to Strike Demand for Jury
Trial, the Motion would still be unsuccessful. This is
because this cause of action under the FDCPA does not
"arise out of" the mortgage; nor can it be said to be "in
any way related" to the mortgage or the note for purposes
of the FDCPA. The claim under the FDCPA, similar to all
claims under the statute, is not brought because of a
contractual dispute regarding the matters contained in the
mortgage or the note accompanying it. Rather, this action
aims at the behavior of those who were attempting to
collect money from Plaintiff Jonathan Padilla, and who in
the process abused him and violated multiple sections of
the FDCPA and FCCPA. This comment is similar to that made
by the Court in the case of Azar v. Hayter, 874 F.Supp.
1314 (N.D. Fla. 1995), wherein the Court, at 1317, stated,
"Plaintiff's FDCPA claim has nothing to do with whether the
underlying debt is valid. An FDCPA claim concerns the
method of transaction creating the debt...." Further,
"Congress...has legislatively expressed a strong public
policy disfavoring dishonest, abusive, and unfair consumer
debt collection practices, and clearly intended the FDCPA

to have a broad remedial scope. S.Rep. No. 382, 95th Cong.,
1st Sess. 4  (1977)" Broadnax v Green Credit Service, 106
F.3d. 400 (6th Cir. 1997) This standard applies to all
consumer protection statutes and has been recognized by the
Eleventh Circuit, which has ruled that such statutes are,
"...remedial in nature and therefore must be construed
liberally in order to best serve Congress' intent." Ellis
v.General Motors Acceptance Corporation, 160 F.3d 703, 707
(11th Cir. 1998). Under the circumstances, it is difficult
to square such broad remedial purpose with a consumer's
waiver of the right to trial by jury, when the cause of
action does not even arise out of the contractual document
referenced by the Defendants.

(3) Finally, and perhaps most importantly, it is clear
that where a statute is required to be liberally construed
in order to effectuate its remedial purposes, it would
violate clear congressional intent to allow least
sophisticated consumers wronged under the provisions of the
FDCPA to waive as fundamental a right as trial by jury.
Although it is clear that, "...contractual provisions
waiving trial by jury in civil actions are neither illegal nor
contrary to public policy. McCarthy v. Wynne, 126 F.2d 620
(10th Cir, 1942), cert. denied 317 U.S. 640" Smith-Johnson
Motor Corporation v Hoffman Motors Corporation 411 F.Supp.670

(E.D. Va. 1975), the Eleventh Circuit, like all other
circuits, has adopted a "least sophisticated consumer"
standard with respect to the FDCPA. Jeter v. Credit Bureau,
Inc., 760 F.2nd 1168 (11th Cir. 1985), Because of that standard
and the liberal construction required as a consumer law
crafted as a broad remedial statute, it has been ruled that
consumers cannot waive the venue provisions of the FDCPA under
15 USC Sec 1692i. Blakemore v. Pekay, 895 F.Supp. 972, 983
(N.D. Ill. 1995). Nor is a consumer required, "to invoke his
rights under the FDCPA during the course of the debt
collection claim or risk waiving those rights altogether."
Spears v. Brennan, 745 N.E. 2d 862 (Ind. App. 2001). Nor does
a debtor's communication to a creditor constitute an admission
of liability or a waiver of the protections of the FDCPA.
Johnson v. Eaton, 873 F.Supp. 1019 (M.D. La., 1995)

The above rulings that consumers, judged under the
"least sophisticated" standard, may not waive protections
under the broad remedial schema mandated by Congress in the
FDCPA is not surprising. The statute, after all, is a strict
liability law which imposes liability on erring debt
collectors regardless of intent or knowledge. "The FDCPA is a
strict liability statute." Ferguson v. Credit Management, 140
F.Supp. 2d 12931297 (M.D. Fla. 2001). Accord, Russell v.
Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996); Randolph v.

IMBS. Inc., 368 F.3d 726, 730 (7th Cir. 2004. Thus the inevitable conclusion is that, given the type of statute the FDCPA is, and given the broad remedial purpose of the statute, as well as the least sophisticated consumer standard, consumers aggrieved by violations of the FDCPA need not, indeed, may not, waive their rights under the statute, including, perforce, their right to a trial by jury as guaranteed by the Seventh Amendment to the United States Constitution.

**IV. CONCLUSION**

For the above reasons as stated in this Memorandum of Law, the Motion to Strike Demand for Jury Trial filed herein by the Defendants discussed above should be denied.

**WHEREFORE**, Plaintiff respectfully requests that Defendant's Motion to Strike Demand for Jury Trial be denied.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail or by the Court's CM/ECF system which will send electronic filing to:

*Copies furnished to*

Gary M. Freedman, Florida Bar Number 727260

Zakarij N. Laux, Florida Bar Number 93784

Tabas, Freedman, & Soloff, P.A.

One Flagler Building

Northeast First Avenue – Penthouse

Miami, Florida 33132.

Telephone (305) 375-8171

*Attorneys for Bayview Loan Servicing, LLC and Bank of New York Mellon.*

_____

 

          Dated: June 17, 2015

          Stephen DeTata

          _____

          Stephen DeTata

          *Attorney for Plaintiff*

          Florida Bar Number 176291

          4331 SW 73 Terrace

          Davie, Florida 33314

          (954) 445-4737